**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
**JARED D. HAGER, WSB #38961**
Assistant United States Attorney
U.S. Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902
Phone: 503.727.1200
E-mail: jared.hager@usdoj.gov
    Attorneys for Applicant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM DISTRICT COURT IN PIASECZNO, POLAND | CASE NO. 3:19-cv-01968<br><br>APPLICATION FOR ORDER APPOINTING COMMISSIONER AND COMPELLING DISCOVERY |

## APPLICATION

The United States of America, by Billy J. Williams, U.S. Attorney for the District of Oregon, through Jared D. Hager, Assistant U.S. Attorney (the "Government"), petitions the Court pursuant to 28 U.S.C. § 1782 for an order appointing a magistrate judge or AUSA Hager as commissioner, and compelling Wells Fargo Bank, N.A., with

Page 1    Application for Order to Compel Discovery

registered agent at 1127 Broadway Street, NE, Suite 310, Salem, Oregon 97301 ("Wells Fargo"), to produce evidence for use in a proceeding pending before a district court in Piaseczno, Poland.

## INTRODUCTION

The United States is party to a multilateral treaty to assist judicial authorities in fellow signatory states in need of evidence located in the United States. *See* The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *opened for signature* Mar. 18, 1970, T.I.A.S. No. 7444, 23 U.S.T. 2555, 1972 WL 122493, *entered into force as to the United States* Oct. 7, 1972 (hereinafter the "Hague Evidence Convention").[1] This application aims to meet the Government's treaty obligations.

A district court in Poland has requested evidence pursuant to the Hague Evidence Convention.[2] Specifically, the Polish court seeks bank account information of a Polish national held by Wells Fargo within Oregon. The information is subject to no apparent legal privilege and would be discoverable in domestic litigation. Wells Fargo has declined to comply with the Polish court's request absent a court order. The Government therefore asks the Court to issue an order pursuant to 28 U.S.C. § 1782 appointing a magistrate judge or AUSA Hager as commissioner, and compelling Wells Fargo to produce documents responsive to the Polish court's request.

---

[1] The Hague Evidence Convention is reproduced as Exhibit B to the Declaration of Jared D. Hager.
[2] The Polish court's request, officially translated by a sworn and certified court translator, is attached as Exhibit A to the Declaration of Jared D. Hager.

Page 2    Application for Order to Compel Discovery

## FACTS

The district court in Piaseczno, Poland is currently seized of a matter between Maciej Pogoda and Katarzyna Pogoda relating to a divorce petition and common marital property separation agreement. *See* Hager Decl., Ex. A, Poland's Letter of Request, at 4. Among the property Katarzyna Pogoda has alleged is subject to the agreement are assets Maciej Pogoda invested with Well Fargo. *See id.* To assist in the pending action to divide marital property, the Polish district court has requested the following information from Wells Fargo:

> [A] statement for the bank account held by Maciej Pogoda . . . Bank Account Number ******9718, Bank ABA/Routing Number 121000248, SWIFT (BIC) Code PKOPPLPWCUS for the period between 22nd September 2007 and 17th March 2017, detailing the bank account balance as at 17th March 2017 or as at the day of the account's closing, should it have fallen on a date earlier than the one specified.

Hager Decl., Ex. A, Poland's Letter of Request, at 3.

On or about September 10, 2019, the Polish court sent its request to the U.S. Department of Justice, Civil Division, Office of International Judicial Assistance ("OIJA"), which serves as the central authority for the United States under the Hague Evidence Convention. *See id.* at 1, 3; *cf.* 28 C.F.R. § 0.49(b). After confirming the Polish court's request was properly executable, the OIJA delegated the request to the U.S. Attorney's Office for the District of Oregon ("USAO"), the federal judicial district

where the target and evidence are located.[3] The OIJA instructed the USAO to apply for order pursuant 28 U.S.C. § 1782 to compel compliance with the Polish court's lawful Hague Evidence Convention request. *See* Hager Decl., Ex. C, OIJA Letter, at 1.

## ARGUMENT

I.  **The Hague Evidence Convention Requires the Government to Help Poland's Courts to Obtain Evidence Located in the United States for Use in Judicial Proceedings in Poland**

The Hague Evidence Convention permits a judicial authority of a contracting state to request evidence for use in a judicial proceeding from the competent authority of another contracting state. *See* Hager Decl., Ex. B, Hague Evidence Convention, art. 1. In executing a request, the Convention requires the receiving state to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings." *Id.* art. 10.

The United States and Poland are both contracting states to the Hague Evidence Convention. The United States ratified the Convention on August 8, 1972, and it entered into force here on October 7, 1972. *See* 23 U.S.T. 2555, T.I.A.S. No. 7444, 1972 WL 122493; *see also In re Futurecorp Int'l Pty Ltd.*, 2012 WL 5818288 (N.D. Cal. 2012) (granting *ex parte* application to take discovery pursuant to Hague Convention request for international judicial assistance and 28 U.S.C. § 1782). Poland ratified the

---

[3] The OIJA's letter to the USAO, dated October 11, 2019, is attached as Exhibit C to the Declaration of Jared D. Hager.

Convention on February 13, 1996, and it entered into force there on April 13, 1996. *See* Hague Conference on Private International Law, *Status Table for Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last visited November 29, 2019).

The Polish court's request complies with the Convention's requirements because it includes the following four pieces of information:

1. The requesting authority's identity;
2. The names and addresses of the parties to the proceedings and their representatives;
3. The nature of the proceedings for which the evidence is required; and
4. The evidence to be obtained.

*See* Hager Decl., Ex. B, Hague Evidence Convention, art. 3.

In this case, the request indicates that the District Court in Piaseczno, Poland is seized of an action between Maciej Pogoda, represented by Marcin Medyk, and Katarzyna Pogoda, represented by Katarzyna Jachacy-Bednarek. The underlying action concerns divorce proceedings and a common marital property separation agreement. The request includes the addresses of the parties and their representatives, and specifies the evidence to be obtained. *See* Hager Decl., Ex. A, Poland's Letter of Request.

**Page 5    Application for Order to Compel Discovery**

The Government can refuse a proper Hague Evidence Convention request only if the request "does not fall within the functions of the judiciary" or the Government "considers that its sovereignty or security would be prejudiced" by executing the request. *See* Hager Decl., Ex. B, Hague Evidence Convention, art. 12. Neither exception applies here. *See* Hager Decl., Ex. C, OIJA Letter. Simply put, the request seeks individual financial account information that is routinely discoverable in domestic litigation. *See, e.g., SEC v. Sassano*, 274 F.R.D. 495, 496-497 (S.D.N.Y. 2011) (compelling compliance with subpoena duces tecum to obtain financial information, including "any bank or financial account" of the defendant). If Wells Fargo has no responsive information, it can attest to that fact.

**II.     Federal Law Enables the Court to Order Wells Fargo to Respond to the Polish Court's Request for Documentary Evidence**

Independent of the Hague Evidence Convention, federal law authorizes the Court to issue a discovery order in aid of foreign proceedings. *See* 28 U.S.C. § 1782; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-249 (2004) (discussing the history, purpose, and text of 28 U.S.C. § 1782). A § 1782 request is proper if:

1. The request or letter rogatory is made by a foreign or international tribunal or other interested person;
2. The request is made to the district court of the district in which the target person resides; and

3. The request seeks the target person's testimony or statement, or the production of documents, for use in a proceeding in a foreign or international tribunal.

*See* 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 246; *In re Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103, at *4 (D. Nev. May 28, 2015) (reciting the three elements of 28 U.S.C. § 1782).

The foreign request is proper in this case. It is made by a Polish district court; it is directed to a branch of Wells Fargo Bank that resides in the District of Oregon; and it seeks statements and documents for use in a property separation action pending in the Polish court. The Court thus has discretion to issue an order in aid of the Polish proceeding. *See Intel*, 542 U.S. at 246.

The Court should exercise its discretion to order discovery in aid of the Polish district court's proceeding. The Supreme Court identifies four factors district courts should consider when ruling on a § 1782 application: (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent § 1782; (2) the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign court to U.S. federal court assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the subpoena contains unduly intrusive or burdensome requests. *See Intel*, 542 U.S. at 264-265; *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011).

All four factors weigh in favor of ordering discovery.  First, the Polish court has no jurisdiction over Wells Fargo in Oregon, and thus cannot obtain the requested evidence without § 1782 assistance.  Second, the request was made pursuant to the Hague Evidence Convention that Poland ratified, establishing that the Polish court is receptive to U.S. federal court assistance and acting consistent with Poland's law.  Finally, the request is limited in size and scope, seeking only specific information material to the outcome of the foreign court proceeding.  It is far from unduly intrusive or burdensome.

As for procedure, the Court has discretion to commission a person to collect evidence and submit it to the requesting foreign court.  *See* 28 U.S.C. § 1782(a) ("The order may . . . direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.").  The court-appointed commissioner can "administer any necessary oath and take the testimony or statement." *Id.*  District courts regularly commission magistrate judges to execute § 1782 requests.  *See* Hager Decl., Ex. C, OIJA Letter, at 5 & n.4 (noting that the appointment of magistrate judges as commissioner for purposes of executing § 1782 requests is common and approved by the Judicial Conference, citing H. Doc. No. 92-124, 92d Cong., 1st Sess., p.20 (1971)).

# CONCLUSION

The district court in Piaseczno, Poland needs the Court's assistance to obtain evidence from Wells Fargo for use in a pending civil action in Poland. The Court is authorized by treaty and by statute to appoint a commissioner and direct Wells Fargo to provide evidence in aid of the foreign proceeding. Because the Polish court's request satisfies the elements of both the Hague Evidence Convention and 28 U.S.C. § 1782, the Government respectfully asks for an order appointing a commissioner and compelling Wells Fargo to respond to the Polish court's request.

DATED this 4th day of December 2019.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Jared D. Hager*

JARED D. HAGER
Assistant U.S. Attorney